UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY O'CONNOR,

    Petitioner,

v.

J. A. TERRIS,

    Respondent.
_____/

Case No. 2:13-cv-10761

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER GRANTING
RESPONDENT'S MOTION TO DISMISS THE PETITION**

This is habeas corpus action filed by a federal prisoner pursuant to 28 U.S.C. §2241. This matter comes before the Court on respondent J. A. Terris ["Respondent"]'s motion to dismiss the petition. For the reasons stated below, Respondent's motion will be granted and the petition will be dismissed.

I.    BACKGROUND

Cory O'Connor ["Petitioner"] was sentenced on September 21, 2009 by the United States District Court for the Northern District of Ohio to a 30 month term of imprisonment and three years supervised release for manufacturing counterfeit United States Currency, in violation of 18 U.S.C. §471. During his term of imprisonment, Petitioner was incarcerated for at least some period of time in FCI Florence, a federal prison in Florence, Colorado. Petitioner was released on December 17, 2011.

On January 15, 2013, Petitioner's supervision was revoked for supervised release violations and he was sentenced to a five month term of imprisonment by the United States

District Court for the Northern District of Ohio. At the time the petition was filed, Petitioner's projected release date was June 8, 2013.

After his supervision was revoked, Petitioner was temporarily incarcerated at FCI Milan in Milan, Michigan. On January 23, 2013, Petitioner was classified by the Federal Bureau of Prisons' Designation and Sentence Computation Center ["DSCC"] for facility assignment. The DSCC assigned Petitioner to FCI Florence, Colorado, Petitioner's "parent" facility. Supervised release violators are ordinarily assigned to their parent facilities.

On February 13, 2013, while still incarcerated at FCI Milan, Petitioner completed a "Request for Administrative Remedy Attempt at Informal Resolution." In it, Petitioner wrote that he had serious issues with his facility designation of FCI Florence. He wrote that he feared for his life if he were sent back to FCI Florence, that a Mexican gang had a "hit" on him, and that he spent the last 10 months of his sentence in SHU for his protection. On the same date, Petitioner also filed a "Request for Administrative Remedy," in which he again expressed concerns for his safety if he were transferred to FCI Florence and asked to be redesignated. The warden denied Petitioner's request for an administrative remedy on March 8, 2013. The warden's response noted that if Petitioner was dissatisfied with the resolution, he had 20 days to appeal to the Federal Bureau of Prisons Regional Director. Petitioner did not appeal.

Petitioner filed this habeas action on February 20, 2013. In it, he asserts that his assignment to FCI Florence denies him due process because it jeopardizes his life and safety.

II.  ANALYSIS

Respondent moves to dismiss the petition on several grounds. First, Respondent argues that Petitioner's claim is not cognizable in a habeas action because it challenges his conditions of confinement rather than the fact or duration of his confinement. Second, Respondent argues that, even if Petitioner's claim was cognizable, the Court lacks jurisdiction because Petitioner failed to exhaust his administrative remedies by appealing the warden's denial of his request for administrative remedy. Finally, Respondent argues that none of Petitioner's federal rights were violated by his prison assignment.

Respondent is correct that Petitioner's challenge to his facility designation is not cognizable in a federal habeas action. A petition for habeas corpus is a method for challenging the fact or length of a petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim that challenges a petitioner's placement in a particular prison or level of custody is not a challenge to the fact or length of the prisoner's confinement, but is instead a challenge to that prisoner's conditions of confinement. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("a request by a federal prisoner for a change in the place of confinement is properly construed as a challenge to the conditions of confinement") *(quoting United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006)). A challenge to a petitioner's conditions of confinement is not cognizable in a habeas action. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Instead, a claim that a federal prisoner's rights are violated by his assignment to a particular prison is properly brought in an action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Palma-Salazar*, 677 F.3d at 1035.

Where a prisoner improperly brings a claim of unconstitutional conditions of confinement as a habeas claim, the district court is to dismiss the action rather than recharacterizing the claim as a civil rights action. *Martin*, 391 F.3d at 714. The Court will therefore grant Respondent's motion to dismiss.

Respondent also argues in the alternative that the petition is subject to dismissal because Petitioner has failed to exhaust his administrative remedies and because the petition fails to state facts showing that Petitioner was denied his federal constitutional rights. Because Petitioner's claims are not properly before the Court in a habeas petition, the Court will not address Respondent's alternative arguments.

III. CONCLUSION

Accordingly, the Court GRANTS Respondent's Motion to Dismiss [Dkt. 8] and DISMISSES the petition for a writ of habeas corpus.

SO ORDERED.

                                                   s/Denise Page Hood  
                                                   Denise Page Hood  
                                                   United States District Judge

Dated: July 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

                                                   s/LaShawn R. Saulsberry  
                                                   Case Manager